CHARLES B. CHILDS *vs.* THE VILLAGE OF NEWPORT.

January Term, 1897.

Present:   ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Scope of Assessment in Condemnation Proceedings—Rule of Definiteness How Satisfied—Right to Jury Trial—Costs.*

The petitionee was authorized by statute to enter upon and use, for the purpose of laying and repairing its aqueduct, any land through which it might be desirable to locate it.   The course of the aqueduct was fixed by a survey, but there was no limitation of the land to be used in laying and repairing it, otherwise than as the assessment of damages was upon the basis of the right to maintain the aqueduct as laid and to repair it when necessary.   *Held*, that the taking was sufficiently definite.

*Held*, also, that a specification of the width of the land liable to be used was not required by a provision in the act that the proceedings should be as in the case of highways, which a general statutory provision requires to be laid of a definite width.

When a municipality, authorized to take land, has commenced condemnation proceedings, all the damages occasioned by such a taking as the act authorized, whether before or after the proceedings were commenced, are to be included in the assessment.

In such case the land owner cannot, by bringing an action of trespass after the condemnation proceedings have been commenced, secure a trial by jury and a separate assessment of the damages previously occasioned.

The question of costs not having been raised in the court below will not be considered here.

PETITION for reassessment of damages for land taken under Acts of 1894, No. 283. Heard on the report of commissioners at the September Term, 1896, Orleans County, *Ross*, C. J., presiding. Judgment, *pro forma*, that the petitioner recover the entire amount of the award and interest. The petitioner excepted.

*Bates & May* for the petitioner.

The sum awarded by the commissioners for damages occasioned before the commencement of condemnation proceedings should not have been included in the judgment. The proceedings of the petitionee before it applied for the appointment of commissioners were invalid. The land owner could not apply for the appointment of commissioners, and was entitled to bring his action at law as he did. The action of both boards was a nullity for want of definiteness in the description of the land taken.

The inclusion, in the judgment, of damages occasioned before the commencement of condemnation proceedings, amounts to a denial of the petitioner's right to proceed by a common law action, and consequently denies him the right to a jury trial as to those damages. The petitioner had a complete and vested right of action for those damages, which could not be taken from him by the statute. Vt. Const. Chap. I. § 12, Chap. II. § 31.

*C. A. Prouty* and *John Young* for the petitionee.

Judgment was properly rendered for all the damages, as well those occasioned before, as those occasioned after the commencement of condemnation proceedings. Randolph on Eminent Domain, § 118; *James* v. *New Orleans & S. R.*, 70 Ala. 227; *Butman* v. *Vt. Cent. R. R. Co.*, 27 Vt. 500.

MUNSON, J. This is a petition for a reassessment of the damages sustained by the petitioner through the taking of his property for the reservoir and pipes of the petitionee's water system. The petitioner insists that the report of the commissioners should be set aside because of its failure to

fix the width of the land to be used in connection with the aqueduct. The enabling act authorized the village to enter upon and use, for the purpose of laying and repairing its aqueduct, any land through which it was desirable to locate it. The line of the aqueduct is fixed by a survey, but there is no limitation of the land to be used in laying and repairing it, otherwise than by placing the assessment upon the basis that the village have the right to maintain the aqueduct as now located, and repair the same when necessary, doing no unnecessary damage. The petitioner claims that the fixing of a specified width within which this right shall be exercised is required, both by the provision that such proceedings shall be had on application to the county court as are had in the case of highways, and by the general rule that property condemned shall be definitely ascertained. Among the general provisions relating to highways is one which requires that the description include a statement of the width. But we think the provision regulating proceedings in the county court was not intended to embrace this requirement. The difference in the use to which the land is subjected in the two cases clearly justifies this belief. In the case of a highway the rights of the public are such as almost entirely to deprive the owner of the use of his land. In the case of a pipe line the occupancy of the owner is subject only to slight and occasional interruptions. In one case a road-bed is constructed and maintained upon the surface. In the other, a pipe is buried in the soil, and the benefit is obtained without any use of the surface, except in the making of repairs. Nor do we think the rule of definiteness is one that can be satisfied only by the taking of a specified width. The method here adopted for determining the extent of the right is the same that has long been taken by land-owners in the voluntary conveyance of like privileges. The experience of men in the use of covered pipes for the conveyance of water is such as to enable tribunals to fix with reasonable certainty the

damage to which an owner is subjected by a right to lay and maintain.

The petitionee's officers entered upon the petitioner's premises and commenced operations without moving for a condemnation of the land, believing that the damages could be agreed upon. Upon learning that the petitioner was dissatisfied with this course, they suspended operations and awaited the action of commissioners. After the petitionee had applied for the appointment of commissioners, the petitioner sued the officers in trespass. The assessment under review includes twenty-five dollars for what was done before the condemnation proceedings were commenced. The petitionee treats this as covering only what might lawfully have been done under the act, and concedes a further liability for whatever may have been done in excess of the authority conferred. Then if the petitionee is entitled to have all the damages occasioned by such a taking as the act contemplates adjusted in this proceeding, the judgment should be for the assessment as made.

It is not necessary to consider what the rights of the petitioner would have been if the petitionee had failed to commence condemnation proceedings, and the petitioner had brought his suit in trespass in default of such action. The petitionee having applied for the appointment of commissioners before the petitioner brought his common law action, it seems clear that all the damages arising from such a use of the land as is authorized by the act should be ascertained in the manner therein provided. It is not questioned but that the petitioner may recover in trespass for things not within the scope of the enabling act, whether done before or after the application for commissioners was made. As these actions stand, the only line of separation in assessing damages is the power conferred by the act. Whatever is done upon the land that is within the

power conferred is really a part of the taking, and as such is properly within the jurisdiction of the commissioners. It may be true, as is often said, that one who enters upon the land before its condemnation is a trespasser. But it is held that one who proceeds in advance of condemnation may perfect his right by subsequent proceedings; and it is evident that one who proceeds prematurely under a right which may afterwards be perfected is not a wrong-doer in the sense applicable to one who has no right. When the one having this right proceeds to perfect it before the land-owner has invoked his common law remedy, the fact that a part of the work was unauthorized in the particular sense indicated ought not to prevent an adjustment of the entire damage of the taking in one proceeding as the statute contemplates. We think that when the municipality authorized to take the land has commenced proceedings under the statute, the land-owner cannot, by the subsequent bringing of a suit, prevent an assessment of the entire damages occasioned by such a taking as was authorized by the act.

We do not understand the petitioner to claim that he would have been entitled to have his damages assessed by a jury, if the condemnation had preceded the entry. We understand his claim to be that inasmuch as the entry was unauthorized, and such as entitled him to maintain trespass, he became entitled to an inquiry by jury as to so much of his damages as accrued before the application for commissioners, and that the assessment of those damages cannot be drawn into this litigation without depriving him of a constitutional right. But, inasmuch as the legislature had power to authorize a taking of the property on the assessment of commissioners, and had conferred this authority on the petitionee, we think the petitioner cannot insist upon a jury trial for acts which were within the scope of the authority conferred, and which therefore became a part of

the taking, although such acts were done before commis-
sioners were applied for.

The question of costs was not raised in the county court,
and will not be considered here.

<em>Judgment affirmed.</em>